United States District Court
Southern District of Texas
ENTERED

JAN 2 0 2009

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, § <br> Plaintiff, § <br> § <br> v.  § <br> § <br> 3.76 ACRES OF LAND, more or less, situated § <br> in CAMERON COUNTY, STATE OF § <br> TEXAS; and WHITEWING RANCH, LTD., § <br> ET AL., § <br> Defendants. § | Civil Action No. B-08-348 |

# ORDER

Plaintiff, United States of America, filed a complaint in condemnation and declaration of taking against Whitewing Ranch, Ltd. ("Defendant") and its property under the authority granted by 8 U.S.C. § 1103(b)(3) and 40 U.S.C. § 3113. (Docket Nos. 1, 2). The Plaintiff seeks a fee simple estate, as set out in the attachments below, in the Defendant's property to construct, install, operate and maintain roads, fencing, vehicle barriers, security lighting and related structures designed to help secure the United States-Mexico border within the State of Texas. (Docket No. 2 at Schedules B, E).

On December 19, 2008, the Plaintiff filed a Motion for Possession (Docket No. 26). This Court has held oral arguments on the Defendant's objections to the Government's possession of the property as well as conducted a site visit to the property. (*See* Docket No. 17). The Court has considered the Plaintiff's motion, the Defendant's response, the representations of the parties in hearings before this Court, the record of discussions between the parties concerning this property, and the Court's visit to this property. Having considered these factors, the Court hereby overrules

1

the Defendant's objections, but will address these concerns as part of the following order on possession.

Now, having considered Plaintiff's complaint, declaration of taking, the deposit of estimated compensation, this Court finds the following support for Plaintiff's motion:

Plaintiff filed a proper complaint in this action for the condemnation (and for a taking) of the defendant's property in fee simple and declaration of taking of that property in accordance with 40 U.S.C. § 3114. Plaintiff deposited the sum of $190,000.00 as the estimated just compensation into the Registry of this Court on July 2, 2008.

This Court, therefore, **ORDERS** that the Defendant and all persons who own or claim ownership, possession and/or control of the property described in the attachment to this order must grant the Plaintiff an estate in fee simple subject to the reservations and exceptions described in the attachments below. Since the Plaintiff has already made a deposit in this action, Plaintiff's right to possession of the estate will begin as of the date of this order.

Plaintiff is **ORDERED** to immediately apprise the Defendant in writing of the type and location of each gate on or near the Defendant's property and describe the manner of access through said gates. Plaintiff shall continue to keep the Defendant apprised of any changes in roads, gates or accessibility throughout the construction process. Plaintiff is further **ORDERED** to consult with the landowner and/or occupiers of the property in question prior to the exercising the rights given in this order and, if needed, during the exercise of these rights, to resolve: (1) when and how the United States will take possession of the property; (2) how the United States will continue to provide the Defendant access to the remainder of its property during construction so that the Defendant may continue to plant and harvest crops, conduct its foundation materials business and permit hunting

operations to continue on the remainder of the property; (3) the steps Plaintiff will take to minimize the impact on the environment, culture, commerce and quality of life for the Defendant; and (4) all duties owed by the Government to the Defendant arising as a result of the taking of a fee simple estate under applicable federal and state laws, including, but not limited to, the Uniform Relocation Assistance and Real Property Acquisition Act, if applicable. This Court will make itself available, if needed, for the resolution of any disputes, but it expects all parties to act cooperatively and with due concern for the rights and needs of the other parties in the implementation of this order.

It is further **ORDERED** that a copy of this order shall be served by the Plaintiff upon all owners, all persons claiming ownership, and all persons in possession or control of the properties to the extent these are known.

Signed, this the 20th day of January, 2009.

_____
Andrew S. Hanen
United States District Judge

# [ATTACHMENT A]

Cameron County, Texas

Tract: RGV-FTB-1033     Owner: Whitewing Ranch, Ltd., et al.     Acres: 3.76

BEING a certain tract of land containing 3.76 acres more or less, out of 95.37 acres more or less, out of the Blocks 52, 63, 72, 74, and 75, El Jardin Subdivision, Share 32, Espiritu Santo Grant, Cameron County, Texas, being more particularly described as follows:

BEING a strip of land located westerly of running adjacent to the existing levee, being approximately 50 feet in width and approximately 3,440 feet in length, which crosses the land of the subject owner, and contains 3.76 acres, more or less, as shown on the attached map.

IT IS THE INTENT of the foregoing description to include a part of the same land as that in a deed from Ray Loop and Frank Loop, doing business as R & F Farms, to Whitewing Ranch, Ltd., a Texas Limited Liability Partnership, dated February 28, 2000, filed for record in Volume 6145, Page 118, in the records of Cameron County, Texas.

Note: This tract is further referenced as Cameron County Appraisal District Identification Nos. 135120, 135137, 135172, 135174 and 135176.

# [ATTACHMENT B]